IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RONESHA GREENE-MCNEIL,

    Petitioner,

v.                               CIVIL ACTION NO. 1:24-00414

WARDEN,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on June 9, 2025, in which he recommended that the court dismiss Greene-McNeil's petition for writ of habeas corpus, deny petitioner's motion for an emergency temporary restraining order, and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989). Petitioner sought additional time to file her objections and the court granted her request. See ECF Nos. 15 and 16. On July 21, 2025, petitioner timely submitted objections to the PF&R. See ECF No. 17.

Petitioner is currently serving a 120-month term of imprisonment, imposed on February 15, 2023, by the United States District Court for the Eastern District of North Carolina. In her petition, Greene-McNeil argues that: 1) the Bureau of Prisons ("BOP") is failing to correctly apply her time credits pursuant to the First Step Act ("FSA"); 2) that she is eligible for a one-year reduction in sentence under 18 U.S.C. § 3621(e); and 3) that good time credit was improperly taken from her based upon a disciplinary incident.

In his PF&R, Magistrate Judge Aboulhosn explained that all petitioner's claims were subject to dismissal for her failure to exhaust available administrative remedies before filing the instant petition. In her objections, Greene-McNeil objects to the PF&R's recommendation that her petition be dismissed for failure to properly exhaust. Conceding that she failed to exhaust her administrative remedies prior to filing suit, she asks the court to waive the exhaustion requirement. See ECF No. 17 at 1. According to her, "the Supreme Court outlines three circumstances where exhaustion may be excused. The agency lacks competence to address the issue. The remedy process imposes

unreasonable delay.  The remedy is futile due to bias or predetermined outcomes.  The Petitioner meets all three criteria." Id. at 2.

"As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent . . . courts require exhaustion of alternative remedies before a prisoner can seek habeas relief." Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (internal quotations omitted); see also United States v. Wilson, 503 U.S. 329, 325 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies[.]") (emphasis added).  Section 2241 does not contain a statutory mandate that administrative remedies be exhausted, however, courts have judicially imposed such a requirement.  See Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007) ("[T]he exhaustion requirement in habeas corpus actions arising under § 2241 . . . has no statutory mandate, but rather is judicially imposed."); Taylor v. Lue, Civil Action No. 7:19CV486, 2020 WL 5807995, at *3 (W.D. Va. Sept. 29, 2020) ("Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to seeking habeas review under § 2241.").  Courts within the Fourth

Circuit have consistently required litigants to exhaust their alternative remedies before bringing Section 2241 claims.  See Timms, 627 F.3d at 533 (dismissing habeas claim under § 2241 for failure to exhaust); McClung v. Shearin, No. 03-6952, 90 F. App'x 444, 445 (4th Cir. Feb. 6, 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Requiring exhaustion promotes the "'important considerations of federal court efficiency and administration.'" Id. at 531 n.5 (quoting Moore v. United States, 875 F. Supp. 620, 624 (D. Neb. 1994)).  Only in "'exceptional circumstances'" should exhaustion be waived, id. at 530-31 (quoting Bowen v. Johnson, 306 U.S. 19, 27 (1939)), such as when the administrative remedy process would be futile.  See Jaworski, 509 F. Supp. 2d at 578; see also Hairston v. Wilson, 1:13cv126(TSE/IDD), 2013 WL 12149685, at *2 (E.D. Va. Feb. 5, 2013) ("It is true that, in rare cases, § 2241 habeas petitioners have been excused from the exhaustion requirement if they can show that proceeding through the administrative remedy process undoubtedly would be an exercise in futility that would serve no useful purpose.")  .

Here, petitioner acknowledges that she did not exhaust her administrative remedies prior to filing her petition.  But her objections do not adequately explain why doing so would be

4

futile or suggest that exceptional circumstances exist here to excuse her failure to exhaust. Therefore, the court concludes that Greene-McNeil was required to exhaust her administrative remedies before filing a Section 2241 petition and, therefore, her objection is **OVERRULED**.

Notwithstanding his recommendation that Greene-McNeil's petition was subject to dismissal for failure to exhaust administrative remedies, Magistrate Judge Aboulhosn went on to consider the merits of each of petitioner's claims in his PF&R. In a thorough and comprehensive way, the PF&R explains why petitioner is not entitled to habeas relief on each of her three claims. Greene-McNeil's objections do not even mention the PF&R's analysis on the ultimate merits much less provide the sort of specific objection that would require de novo review. See Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) ("To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'") (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "District courts are not expected to relitigate entire cases to determine the basis of a litigant's objection." Id.

5

The court has reviewed the PF&R in its totality and agrees with its analysis that petitioner's claims are without merit for the reasons explained therein.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;
2. Petitioner's motion for an emergency temporary restraining order is **DENIED**;
3. This action is **DISMISSED**; and
4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

6

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of September, 2025.

ENTER:

David A. Faber
Senior United States District Judge